**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**MICHAEL ELLIS,**

     **Plaintiff,**

**v.**                            **Civil Action No. 2:15-cv-05698**

**KANAWHA COUNTY PUBLIC LIBRARY,**

     **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss Amended Complaint (ECF No. 22), filed by Defendant, Kanawha County Public Library.  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U. S. C. Sec. 636(b)(1)(B).

### PROCEDURAL HISTORY

On April 21, 2015, Michael Ellis (Plaintiff), filed a Complaint in the Circuit Court of Kanawha County, West Virginia alleging that he was terminated from his employment from the Kanawha County Public Library (KCPL) because of his race in violation of Title VII of the Civil Rights Act of 1964.  On May 5, 2015, Defendants removed this matter to the United States District Court for the Southern District of West Virginia (ECF No. 1). On May 6, 2015, Defendants[1] filed a Motion to Dismiss Complaint (ECF No. 4).  On May

---

[1] When this motion was filed, the named Defendants were Kanawha County Public Library and Alan Englebert.  On January 7, 2016, Plaintiff removed Alan Englebert as a Defendant (ECF No. 18).

11, 2015, Plaintiff[2] filed a Motion to Show Cause Why this Action (NO. 15-C-82) Should Not Be Dismissed and Request Motion for Leave to Amend Complaint (ECF No. 6).  On October 15, 2015, Plaintiff filed a Request for Clerk's Entry of Default (ECF No. 8).  On December 1, 2015, this Court held a status conference concerning Defendants' Motion to Dismiss and Defendants' Brief in Support of Motion to Dismiss (ECF Nos. 4 and 5), Plaintiff's Motion: To Show Cause Why This Action (No. 15-C-82) Should Not Be Dismissed and Request Motion for Leave to Amend Complaint (ECF No. 6) and Plaintiff's Request for Clerk's Entry of Default (ECF No. 8).  By Order entered on December 3, 2015, this Court granted Plaintiff's Request Motion for Leave to Amend the Complaint (ECF No. 6) and advised Plaintiff that his Amended Complaint shall conform to Rules 8, 9 and 10 of the Federal Rules of Civil Procedure.[3]  Counsel for the Defendants agreed to withdraw his Motion to Dismiss (ECF No. 4), without prejudice, and to refile a Motion to Dismiss after Plaintiff files his Amended Complaint.[4]

<u>STANDARD OF REVIEW</u>

On January 11, 2016, Defendant, KCPL, filed a Motion to Dismiss Amended Complaint (ECF No. 22) asserting that Plaintiff's Amended Complaint does not conform to the rules of pleading set forth in Federal Rules of Civil Procedure 8 and 10.

In *Bell Atlantic Corp v. Twombly*, 550 U. S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can

---

[2] At all times in the present matter, Plaintiff appeared before this Court *pro se*.

[3] Although Plaintiff's Motion to Show Cause Why this Action (No. 15-C-82) Should Not Be Dismissed and Request Motion for Leave to Amend Complaint (ECF No. 6) granted Plaintiff's request to amend his complaint, the request to show cause why this action should not be dismissed portion of the motion was denied as moot in this Court's December 3, 2015 Order (ECF No. 15).

[4] By Order entered December 3, 2015, Defendants' Motion to Dismiss (ECF No. 4) and Plaintiff's Request for Clerk's Entry of Default (ECF No. 8) were denied as moot.

be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly in Ashcroft v. Iqbal*, 556 U. S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8...does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556, 127 S.Ct. 1955.
>
> ***
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. 556 U. S. at 678-79.

Furthermore, the Court in *Ashcroft* found that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

3

The Defendant's motion will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly* standard.  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegation to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegation in a light most favorable to the plaintiff. *Smith v. Jefferson County Board of Education*, 2015 WL 5031666, (Northern District of West Virginia, August 25, 2015), (citing *Edwards v. City of Goldsboro*, 178 F. 3d 231, 24344 (4th Cir. 1999).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

<u>ANALYSIS</u>

In the Amended Complaint, Plaintiff asserts claims for race discrimination under Title VII, wrongful termination and hostile work environment.  Plaintiff additionally asserts claims against Defendant as follows: wrongful suspended, retaliation in work schedule, intentional mental anguish, staged event causing: wrongful termination, fraudulent report to WV Workers Compensation and "I have 2 more claims and will call 2 witnesses for my case" (ECF No. 18).

The gist of the allegations in Plaintiff's Amended Complaint addresses conduct of several employees of KCPL which he believes was a clear case of segregation, retaliation and discrimination that resulted in him being wrongfully suspended and wrongfully terminated.  Some of his claims are quite illusory and delusional in nature.  However, the

necessary facts derived from Plaintiff's Amended Complaint, which must be taken as true for the purpose of the Defendant's Motion, are as follows:

Plaintiff accepted a job at the Dunbar Branch of Kanawha County Public Library and after accepting the job and being hired he learned that he "was hired to cover a controlled wrongful termination of a staff member who was in the same protected class (Black) and age" (ECF No. 18). On April 27, 2012, the acting branch mgr. sends each staff member an email stating "staff members can no longer use computers during work hours only on breaks," but "the 2 white staff members could use the computers during work hours because they had to do work for games and events." (*Id.*) "This action was a clear case of segregation, retaliation and discrimination.  This discrimination policy was continued by a new hired Branch mgr." At a meeting on November 28, 2012, the Branch mgr. "said the 2 whites could use the computers without restriction because of events and programs and 3 blacks were restricted." (*Id.*)

Plaintiff alleges that when he "sent emails to the branch mgr. stating staff members were intentionally neglecting their duties and leaving work for [him] to do." He was "denied desk duty from August 2012 until November 28, 2012 until [he] was wrongfully suspended (retaliation)." (*Id.*)

On November 28, 2012, Plaintiff was asked to leave a monthly meeting that was mandatory and he was "unfairly suspended for seven days when [he] returned." (*Id.*) Plaintiff alleges that he was segregated and treated unfairly in the monthly work schedules and his complaints of unfair treatment were ignored and continued a hostile work environment from December 2012 to his wrongful termination on July 2, 2013. (*Id.*)

Plaintiff alleges that on January 19, 2013, the Sunday newspaper at the library had a large front page photo of a crime scene involving a murder of a family member that was hurtful for him to view "every day for a week." Because the branch manager and acting branch manager did not order a different Sunday paper to cover the old paper, this was emotional and disturbing to him and caused intentional mental anguish because he had to see the photo for a week. (*Id.*)

On July 1, 2013, Plaintiff alleges that after he shelved nearly "80 books," he was asked by the Branch mgr. to shelf "5 little DVDs," which was not the normal procedure. He alleges that the actions of the Branch mgr. were an outright illegal form of workplace harassment. When he questioned why his work schedule was different from all other employees, he did not get a response and was terminated because of a "staged event." (*Id.*)

Plaintiff further alleges the Defendant sent a fraudulent report describing why he was terminated. He alleges that the report caused him hardship and that he was denied unemployment compensation. Plaintiff asserts that the Defendant's actions against him were intentional and malicious misconduct. (*Id.*)

The Defendant's Brief in Support of their Motion to Dismiss Amended Complaint (ECF No. 23), argues that the Plaintiff failed to comply with Rule 8(a), 8(d), or 10(b) of the Federal Rules of Civil Procedure. The Defendant asserts that despite the liberal pleading standards and the leniency granted *pro se* litigants, the Amended Complaint fails to provide coherent factual allegations to survive a motion to dismiss.

When a Plaintiff is proceeding *pro se*, district courts should construe his complaint liberally. *Beaudett v. City of Hampton*, 775 F. 2d.1274, 1278 (4th Cir. 1985). But the

principles that require "generous construction of *pro se* complaints" are not without limits. *Id.*  Pertinent to the instant case, "the tenet that a court must accept as true all of the allegation contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In addition, *pro se* complaints are held to a less stringent standard that those drafted by attorneys. *Al-Haqq v. Stirling*, 2014 WL 6749096, (D. South Carolina, Charleston Division, December 1, 2014); (citing *Gordon v. Leeke*, 574 F.2d `1147, 1151 (4th Cir. 1978).  Consequently, a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007).  The requirement of a liberal construction does not mean, however, that the court can ignore a *pro se* Plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *Id.* (see *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

The Defendant further asserts that Plaintiff fails to divide his complaint into numbered paragraphs with discrete sets of facts and into specific counts, or otherwise delineate clearly the causes of action that he intends to pursue.  The Amended Complaint makes it difficult to determine all of the claims Plaintiff seeks to raise and which claims are plausible on their face (ECF No. 23).  Upon review of the Amended Complaint, it appears that claims are numbered paragraphs.[5]  However, the paragraphs are not short

---

[5]Plaintiff's Amended Complaint contains 10 numbered paragraphs (ECF No. 18).

and plain statements as contemplated by Rule 8 and are difficult to determine the causes of action the Plaintiff intends to pursue.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   The Amended Complaint is 10 pages and difficult to understand and fails to state its claims clearly enough for the Defendant to defend the claims.  The paragraphs contain factual information that provide needless details.  In essence, the Amended Complaint in its present form does not allow the Defendant to figure out what legal claims the Plaintiff is making and whose conduct caused his injuries and damages.  Although the Plaintiff may have facts to support his claims, the Amended Complaint as drafted does not reveal them.

In Plaintiff's Reply to Defendants Motion to Dismiss Amended Complaint, Plaintiff asserts the merits of the case clearly supports his relief sought and the amended complaint satisfies guidelines set forth in Rules 8, 9 and 10 (ECF No. 25). Plaintiff states that "all the claims of violations in the complaint were explained in simple, concise and direct manner very clear to understand." (*Id.*)  Determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged----but it has not 'show[n]'---'that the pleader is entitled to relief,' as required by Rule 8."  *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. Dec. 2, 2009), (citing *Iqbal*, 129 S. Ct. 1950 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).  Taking the facts alleged

in the Amended Complaint in context, the allegations are insufficient to comply with Rule 8's requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To "state a claim to relief that is plausible on its face," a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Allstate Insurance Company v. Stanley Rochkind, et al.*, 2016 WL 3855635, (District of Maryland, July 15, 2016) (citing *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555)).

CONCLUSION

Therefore, the undersigned proposes that the presiding District Judge FIND that the Plaintiff's Amended Complaint does not state any facially plausible claims against the Defendant.  Accordingly, for the reasons stated herein, it is respectfully RECOMMENDED that the presiding District Judge GRANT Defendant's Motion to Dismiss Amended Complaint (ECF No. 22) due to the Amended Complaint's failure to state a claim upon which relief can be granted. The parties are notified that this "Proposed Findings and Recommendation" is hereby FILED and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made,

and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S, 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing parties and Judge Johnston.

The Clerk of the Court is directed to transmit a copy of this "Proposed Finding and Recommendation" to counsel of record and to Plaintiff via Certified mail as follows:

Mr. Michael Ellis<br>
168 5th Street<br>
Dunbar, WV 25064

Date:  July 27, 2016

Dwane L. Tinsley
United States Magistrate Judge