# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MICHAEL ELLIS,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:15-cv-05698

KANAWHA COUNTY PUBLIC LIBRARY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Discretionary Review filed by Plaintiff Michael Ellis. (ECF No. 56.) The motion is **DENIED**.

### I.    BACKGROUND

The Court had occasion to discuss the factual and procedural background of this case in its Memorandum Opinion and Order of September 26, 2016. That discussion need not be repeated here at length. To summarize, Plaintiff is a former employee of the Kanawha County Public Library (the "Library"). He brings this lawsuit challenging certain conditions of his employment and subsequent termination. As Plaintiff proceeds pro se, this action is referred to United States Magistrate Judge Dwane L. Tinsley for pretrial proceedings.

The instant Motion for Discretionary Review relates to the Magistrate Judge's adjudication of Plaintiff's Motion for Leave to File an Amended Complaint. The Magistrate Judge denied the Motion for Leave to File an Amended Complaint by Order entered January 31, 2017. In doing so, the Magistrate Judge observed that the Second Amended Complaint—the pleading Plaintiff

proposed to file—reasserted many claims alleged in the Amended Complaint but also alleged new claims for violations of the West Virginia Wage Payment and Collection Act ("WPCA"). Finding that the Second Amended Complaint would not rectify the deficiencies previously identified in the Amended Complaint, the Magistrate Judge denied leave to amend as futile. The Magistrate Judge added that the WPCA claims were previously adjudicated in West Virginia state court and are barred by the doctrine of res judicata.

Plaintiff made no effort to challenge the Magistrate Judge's decision until May 2, 2017, when he filed the Motion for Discretionary Review. The Library filed a response in opposition and the matter is now ready for disposition.

## II. DISCUSSION

By statute, a magistrate judge is authorized to adjudicate any non-dispositive pretrial matter pending before the district court. 28 U.S.C. § 636(b)(1)A. A party must file objections to a magistrate judge's non-dispositive order within fourteen days of being served with a copy. Fed. R. Civ. P. 72(a). When it comes to orders on non-dispositive matters, the Federal Rules of Civil Procedure preclude a party from "assign[ing] as error a defect in the order not timely objected to." *Id.* A motion for leave to amend a complaint is a non-dispositive matter. *See* 28 U.S.C. § 636(b)(1)(A) (defining dispositive matters to include motions for "injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, an to involuntarily dismiss an action"); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (finding a motion to amend the complaint is a non-dispositive motion falling under Rule 72(a));

*Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (construing a motion to amend as non-dispositive); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F.Supp.2d 778, 782–83 (E.D.N.C. 2011) (same).

The Magistrate Judge triggered the fourteen-day period for objections by denying Plaintiff's motion to amend. Plaintiff failed to submit timely objections. Moreover, he made no effort to request an extension of the objection deadline or explain why he allowed several months to pass before challenging the Magistrate Judge's decision. Rule 72(a) prevents him from doing so now.

Plaintiff concedes all this but asserts that a district judge retains the authority to review a magistrate judge's decision whether or not an objection is filed. He asks the Court to exercise its discretion to review and overturn the Magistrate Judge's Order. Even if the Court maintains the discretion to review the unchallenged order of a magistrate judge on a non-dispositive matter, *see Thomas v. Arn*, 474 U.S. 140, 154 (1985), the Court sees no reason to employ that discretion in this case. The Magistrate Judge's decision to deny leave to amend is insulated by a highly deferential standard of review. A district court may not set aside an order on a non-dispositive pretrial matter unless the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Further, the rule governing Plaintiff's motion to amend itself vests the Magistrate Judge with considerable discretion in granting leave to amend the pleadings. Fed. R. Civ. P. 15(a). Coupled with the factual circumstances of this case, these deferential standards counsel against the Court's interference with the Magistrate Judge's Order. The Court thus declines Plaintiff's invitation to undertake discretionary review.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Discretionary Review is **DENIED**. (ECF No. 56.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 5, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE