IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL ELLIS,

Plaintiff,

v.                                                    CIVIL ACTION NO.   2:15-cv-05698

KANAWHA COUNTY PUBLIC LIBRARY, et al.,

Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Kanawha County Public Library's ("the Library") Motion for Summary Judgment.   (ECF No. 79.)   By Standing Order entered on May 5, 2015, this matter was referred to Magistrate Judge Dwane L. Tinsley for submission of Proposed Findings and Recommendation (the "PF&R").   (ECF No. 2.)   On July 20, 2018, Magistrate Judge Tinsley submitted his PF&R in which he finds that the Library is entitled to judgment as a matter of law on Plaintiff's Title VII of the Civil Rights Act of 1964 claims and recommends that the Court grant the Library's Motion for Summary Judgment and dismiss this case.   (ECF No. 87.)   For the reasons discussed herein, the Court **OVERRULES** the Objections, (ECF No. 90), **ADOPTS** the PF&R, (ECF No. 87), **GRANTS** the Library's Motion for Summary Judgment, (ECF No. 79), and **DISMISSES** this case from the docket of the Court.

*I.        BACKGROUND*

This case arises out of the Library's suspension of Plaintiff, an African-American and former part-time employee of the Library.   (*See* ECF No. 18 (Am. Compl.).)   Plaintiff alleges

1

that the Library retaliated against him by placing him on paid suspension for seven days after Plaintiff spoke against the Library's allegedly discriminatory computer policy at a staff meeting. (*See id.* at 4.)  The complete factual and procedural background of this case are set forth in detail in the PF&R and in this Court's Memorandum Opinion and Order of September 26, 2016.  (*See* ECF Nos. 87, 36.)  That discussion need not be repeated here at length.

On September 26, 2016, the Court granted in part the Library's motion to dismiss, leaving only Plaintiff's Title VII claims.  (*See* ECF No. 36.)  On December 15, 2017, the Library filed the present Motion for Summary Judgment.  (ECF No. 79.)  Plaintiff filed a response to the motion, (ECF No. 84), and the Library filed a reply.  (ECF No. 85.)  Magistrate Judge Tinsley filed the PF&R on July 20, 2018.  (ECF No. 87.)  On August 6, 2018, Plaintiff timely filed his Objections to the PF&R.  (ECF No. 90.)  The Library subsequently timely filed a response to Plaintiff's Objections.  (ECF No. 92.)  As such, the PF&R, the Objections, and the Motion for Summary Judgment are fully briefed and ripe for adjudication.

## II.  *LEGAL STANDARDS*

### A.  *Review of Magistrate Judge's PF&R*

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge "when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not

direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Summary Judgment

Federal Rule of Civil Procedure 56 governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The nonmoving party may not rest on the pleadings alone and must show that specific material facts exist by offering more than a mere "scintilla of evidence" in support of his position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Plaintiff's specific objections to the PF&R pertain entirely to Magistrate Judge Tinsley's dismissal of Plaintiff's retaliatory suspension claim. Therefore, the Court **ADOPTS** and **AFFIRMS** the PF&R's dismissal of Plaintiff's Title VII disparate treatment claim, without de novo review, as Plaintiff has failed to object to Magistrate Judge Tinsley's finding and recommendation as to that claim. *See Thomas*, 474 U.S. at 150.

Furthermore, Plaintiff's objections that Magistrate Judge Tinsley improperly denied his motion to amend, made a disrespectful comment to Plaintiff, and ignored Plaintiff's complaints regarding the Library's alleged service violations do not pertain to any specific finding or recommendation in the PF&R.  The PF&R does not address, or even reference, Plaintiff's motion to amend or Plaintiff's service violation complaints nor can the alleged, disrespectful comment by Magistrate Judge Tinsley be found in the PF&R.  As the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations," the Court **ADOPTS** and **AFFIRMS** the PF&R, without de novo review, as to these objections.  *Orpiano*, 687 F.2d at 47. The Court will now conduct a de novo review of Plaintiff's specific objections.

Plaintiff first objects to Magistrate Judge Tinsley's application of the summary judgment standard of review.  (*See* ECF No. 90 at 1.)  Specifically, Plaintiff contends that Magistrate Judge Tinsley did not construe the facts in a light most favorable to Plaintiff, the non-moving party, and instead made inferences in favor of the Library.  (*See id.* at 1–2.)

As discussed more fully above, motions for summary judgment should be granted if there is no genuine issue of material fact and, after construing the facts in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The Court has reviewed the standard applied in the PF&R and finds no error in Magistrate Judge Tinsley's application of the summary judgment standard.  (*See* ECF No. 87 at 2–3.) Magistrate Judge Tinsley only referred to the undisputed evidence and explicitly looked at the facts in the light most favorable to Plaintiff, in reaching his conclusions.  (*See id.* at 11, 14

(discussing the "undisputed evidence of record" to reach his conclusion).) Accordingly, the Court **OVERRULES** this objection.

Plaintiff next objects to the Magistrate Judge Tinsley's dismissal of Plaintiff's retaliation claim. Plaintiff seemingly argues that he has submitted enough evidence to create an issue of material fact as to each element of his Title VII retaliation claim. (*See* ECF No. 90 at 2–5.) Specifically, Plaintiff argues that he has put forth evidence that shows that, as a result of his speaking against the computer policy, the Library treated him less favorably than all other employees during the staff meeting and during his suspension. (*See id.* at 3.)

To establish a prima facie case of retaliation under Title VII, Plaintiff must show that (1) he engaged in the protected activity; (2) his employer acted adversely against him; and (3) the protected activity was causally connected to the adverse action. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)). If a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to offer a non-discriminatory explanation for the adverse action. *See id.* Once the defendant has offered a non-discriminatory explanation for the adverse action, the burden shifts back to the plaintiff to establish that the defendant's explanation was pretextual. *See id.* (citing *Yashenko v. Harrah's Casino*, 446 F.3d 541, 551 (4th Cir. 2006)).

Although Plaintiff presents arguments in his Objections for each element of his retaliation claim, the PF&R based its recommendation to dismiss Plaintiff's claim entirely on the second element—whether Plaintiff suffered an adverse action. (*See* ECF No. 87 at 15–16.) An employment action is adverse if it is "materially adverse to a reasonable employee" such that the

employee would be dissuaded from making or supporting a charge of discrimination. *See Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 69 (2006).

Here, the undisputed record shows that Plaintiff was suspended with pay for seven days pending an investigation into whether he acted inappropriately during the meeting. (*See* ECF No. 79-1 at 83–85 (Plaintiff Dep.).) Following his suspension, Plaintiff was found to have acted disruptively during the meeting and was issued a written warning. (*See id.*) This Court noted in a previous opinion in this case that "'placing an employee on administrative leave with pay for a short time to allow investigation of a matter' is not an adverse employment action." *See Ellis v. Kanawha Cty. Pub. Library*, No. 2:15-cv-05698, 2016 WL 5387658, at *7 n.4 (S.D. W. Va. Sept. 26, 2016) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 869 (4th Cir. 2001)); *see also Singletary v. Missouri Dep't. of Corr.*, 423 F.3d 886, 891–92 (8th Cir. 2005); *Peltier v. United States*, 388 F.3d 984, 988 (6th Cir. 2004) (both finding that paid suspensions pending investigation are not actionable adverse employment actions). As such, the Court agrees with the finding in the PF&R that Plaintiff's paid suspension was not an adverse employment action.

Furthermore, several district courts in this Circuit have similarly found that a written warning, without more, does not constitute a materially adverse employment action. *See Jones v. Dole Food Co., Inc.*, 827 F. Supp. 2d 532, 549–50 (W.D.N.C. 2011); *see also Wilkins v. Sessions*, No. 8:17-cv-403, 2018 WL 3131027, at *14 (D.S.C. June 8, 2018) ("Arguably, this letter of reprimand is not materially adverse for purposes of Plaintiff's prima facie retaliation case. As the Fourth Circuit has noted, 'reprimands and poor performance evaluations occur with some frequency in the workplace.'" (citing *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 431 (4th Cir. 2015))); *Payne v. Brennan*, No. PX 16-1095, 2018 WL 902162, at *6 (D. Md. Feb. 15,

2018) (finding that a letter of warning without any adverse consequences flowing from it is not materially adverse).  Therefore, in the absence of evidence that additional consequences flowed from the warning and were of such a nature that a reasonable employee in Plaintiff's position would have been dissuaded from pursuing a discrimination charge, the Court cannot find that the written warning was a materially adverse action.

In his Objections, Plaintiff does not dispute that he was suspended with pay, but instead asserts that his suspension was an adverse employment action because he was treated differently than other employees during the suspension and investigation process by allegedly not being interviewed before his suspension.  (*See* ECF No. 90 at 4–5.)  However, even if taken as true, this alleged failure to interview Plaintiff is not of such significance that it renders his paid suspension a materially adverse employment action.  *See Peltier*, 388 F.3d at 988–89 (finding that plaintiff, who was placed on paid administrative leave pending investigation and was restored to her position after the investigation, did not suffer an adverse employment action under Title VII).

Plaintiff further asserts that he has shown "much more" accompanied the written warning, "including several violations of Plaintiff's rights and totally fabricated claims" by the Library.  However, Plaintiff fails to provide any evidence of these additional adverse actions.   The "several violations of Plaintiff's rights" that Plaintiff alleges in his Objections are focused entirely on Plaintiff's suspension.  (*See* ECF No. 90 at –5.)  As Plaintiff cannot show that he suffered an adverse employment action, Plaintiff cannot make a prima facie case for retaliation. Accordingly, the Court **OVERRULES** this objection.

## IV. CONCLUSION

For the reasons discussed more fully above, the Court **OVERRULES** the Objections, (ECF No. 90), **ADOPTS** the PF&R, (ECF No. 87), **GRANTS** the Library's Motion for Summary Judgment, (ECF No. 79), and **DISMISSES** this action. The Court further **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 10, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE